IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel T. Whatley, II, *et al.*,<br><br>    Plaintiffs,<br>    v.<br><br>City of North Charleston, *et al.*,<br><br>    Defendants. | C/A: 2:22-cv-4419-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 36) of the Magistrate Judge recommending that the Court dismiss Plaintiffs' complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiffs' complaint.

**I.   Background and Relevant Facts**

Plaintiffs bring this action alleging the following:

The Amended Complaint is premised on a series of convoluted allegations and eighty-plus pages of miscellaneous exhibits—the crux of which appears to be a long-standing dispute between members of Plaintiffs' family and the City of North Charleston. More specifically, the pleadings seem to suggest that city officials have essentially carried out a campaign of harassment against Plaintiffs by "trespassing" on their properties, issuing "unlawful summons/citations" pursuant to the North Charleston Code of Ordinances, and taking private records from Plaintiff Pacita Whatley's residence during an "illegal raid." (Dkt. No. 16 at 4–5; *see also* Dkt. No. 1 at 6; Dkt. No. 13-1 at 4.

. . .

Based on the above, the Amended Complaint alleges causes of action for "invasion of privacy" under the Freedom of Information Act (5 U.S.C. § 552(b)(6), 49 C.F.R. § 801.56) and the Privacy Act of 1974 (5 U.S.C. § 552a(b)(6)); unreasonable search and seizure under the Fourth Amendment; violations of the Federal Tort Claims Act (28 U.S.C. § 2680); malicious prosecution; and intentional infliction of emotional distress. (Dkt. No. 1 at 4; Dkt. No. 13-1 at 4.) In terms of relief, Plaintiffs seeks "[c]ompensation for the damages inflicted over the years" and "an apology for the blatant privacy violations, . . . attempts to steal confidential health information, and . . . [u]sing intergovernmental organizations such as collective bargaining police unions and political connections to maliciously prosecute

>   political dissidence after an election." (Dkt. No. 1 at 6; *see also* Dkt. No. 16 at 6, seeking compensation for "unlawful search and seizures/years of trespassing and harassment" and the "removal of the unauthorized access to health/financial records given to third parties."

(Dkt. No. 36 at 2-4) (further relating Plaintiffs' allegations).

On May 1, 2024, the Magistrate Judge filed an R&R recommending that this action be dismissed in its entirety. (Dkt. No. 36).

Plaintiffs filed objections to the R&R. (Dkt. No. 40).

### II. Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d

310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs filed objections to the R&R, the R&R is reviewed de novo.

### III. Discussion

After a de novo review of the record, the R&R, and Plaintiffs' objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiffs' complaint fails to state a claim upon which relief may be granted. (Dkt. No. 36 at 7-19) (describing in detail over 12 pages why Plaintiffs' various claims fail); *e.g.*, (*id.* at 6-8) (explaining why Plaintiffs' FOIA claims fail under 49 CFR § 801.56 and 5 U.S.C. § 552a(b)(6)—noting, with regard to this last section, that "Plaintiffs' reference to this subsection is perplexing, as their claims plainly do not involve the National Archives and Records Administration"); (*Id.* at 9-14) (explaining why Plaintiffs' Fourth Amendment claims fail, noting Plaintiffs "do not allege that Code Enforcement officers entered their homes or conducted any sort of warrantless searches" but instead issued ordinances "based on visible objects in Plaintiffs' yards"); (*Id.* at 14-15) (explaining why Plaintiffs' Federal Tort Claims Act claims fail as a matter of law and noting that, to the extent "Plaintiffs are attempting to allege some sort of tort claim under FTCA, it is well-established that 'State actors cannot be sued under . . . the same'").

Plaintiffs filed objections to the R&R. (Dkt. No. 40). After a careful review of said objections, the Court overrules them as baseless.

First, Plaintiffs appear to request that the Magistrate Judge or the undersigned be disqualified from this matter because "Mr. Carlton 'Charlie' Bourne Jr. . . .lists on his personal resuming having a personal relationship and reference of the assigned judge(s) to this case." (Dkt. No. 40 at 1). Beyond the fact that Bourne is not a named party and that Plaintiffs provide no cogent explanation in their objections of how Bourne relates to this matter, it is unclear what

"relationship" or judge Plaintiffs are even referring to. *See* (*id.* at 2) ("Is Mr. Carlton 'Charlie' Bourne Jr. related to John Bourne, who was closely associated with Mayor Keith Summey?"). Such vague assertions are not proper objections to the R&R and are overruled.

Second and last, Plaintiffs objected to the R&R's findings related to their claims under the Fourth Amendment. But beyond stating in a passing and conclusory fashion that the search warrants at issue here were falsified, Plaintiffs argue only that "none of the code enforcement officers under the police department carry any Class 1 certification from the Criminal Justice Academy as required by South Carolina Code of Laws Title 23." (*Id.* at 2). As this critique does not substantively contest the reasons articulated in the R&R as to why Plaintiffs' claims under the Fourth Amendment fail, the Court overrules said objection. *See also* (*id.* at 3) (arguing in vague terms of continuing "malicious prosecution and invasions of privacy" but nowhere challenging the Magistrate Judge's specific findings as to why such claims fail); (*id.* at 4) (objecting that "Defendant(s) are still lacking in transparency as it pertains to the misappropriation of federal funding and has not adequately addressed their involvement in election interreference"—claims not at issue in this litigation).

## IV.  Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 36) as the Order of the Court and **DISMISSES** the instant action without further leave to amend.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

May 29, 2024
Charleston, South Carolina